UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:16-CR-62 |
| | ) | |
| CHRISTOPHER BAKER, | ) | (VARLAN / SHIRLEY) |
| MICHELLE GOFF, and | ) | |
| SHAWN SCOTT, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on Defendant Baker's Motion to Continue the Trial and to Extend Motion Deadline and Plea Bargain Deadline [Doc. 24], filed on June 9, 2016, and Defendant Scott's Motion for Enlargement of Time in which to File Motions and to Continue the Trial Date [Doc. 29], filed on June 28, 2016. The parties appeared on June 30, 2016, for a scheduled pretrial conference and hearing on the motions. Assistant United States Attorney David C. Jennings appeared on behalf of the Government. Attorney Ruth Thompson Ellis represented Defendant Baker. Attorney Jonathan S. Wood appeared on behalf of Defendant Goff. Attorney Gerald L. Gulley, Jr., represented Defendant Scott. All three Defendants were also present.

In her motion, Attorney Ellis asks the Court to continue the July 5 trial date and other deadlines in this case to give her time to prepare for trial. She relates that she was appointed to represent Defendant Baker on June 7, 2016, and, at the time she filed the motion,

had yet to receive discovery. Ms. Ellis states that she needs time to review discovery and to engage in plea negotiations. Defendant Scott has also moved the Court to continue the trial and motion deadline. Counsel for Defendant Scott has experienced difficulty with discovery in this case.[1] On June 15, the undersigned extended [Doc. 27] the motion deadline for Defendant Scott to June 28, to permit additional time to receive and review discovery. On June 28, Defendant Scott move for a further extension of the motion deadline and a trial continuance, contending that counsel is in the process of reviewing discovery, still cannot open the disk containing the cellular telephone extraction, and needed time to discuss the discovery with the Defendant.

At the June 30 hearing, AUSA Jennings stated that the Government had no objection to a trial continuance or an extension of the other deadlines. Mr. Wood said that Defendant Goff also had no objection. Mr. Gulley stated that he had received and reviewed all discovery, with the exception of the disk containing the cellphone extraction. He noted that AUSA Davidson's assistant was also having difficulty opening this disk. He stated that this disk was not necessary to his preparation at this time. Ms. Ellis said that she had reviewed all of the discovery that she had received but that she had not received cellphone information, other than some text messages. She sought to confirm that she had received all of the discovery. Mr. Wood stated that he had not experienced any problems with discovery. Mr. Jennings invited all

---

[1] On June 7, Defendant Scott moved [Doc. 18] for an extension of the motion deadline, stating that counsel could not open one or more of the CD's provided in discovery. He also observed that AUSA Davidson had recently told counsel about an audio/video disk containing an inculpatory statement by Defendant Scott but the statement was not yet available in a format that counsel could review. On June 10, the Government responded [Doc. 25] that it does not oppose the requested extension of the motion deadline or trial date, that the delay in providing discovery was inadvertent, and that Defendant Scott has not been prejudiced by the delay. Defendant Scott filed a supplemental brief [Doc. 26] that same day, stating that failure to provide discovery had been an accidental oversight on the part of the Government and that the Government is still working to provide a disc containing a cellular telephone extraction in a format accessible to counsel.

2

three attorneys to meet with him about any discovery problems and that he would facilitate a meeting with the case agent, if necessary. The parties agreed on a new trial date of September 13, 2016.

The Court finds the motions to continue the trial to be well-taken and that the ends of justice served by granting a continuance outweigh the interest of the Defendants and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). First, the Court finds that Ms. Ellis entered this case less than a month from the trial date. She needs additional time to investigate the case, interview witnesses, consult with the Defendant, prepare and litigate any pretrial motions, and prepare the case for trial. Additionally, Mr. Gulley also needs time to confer with his client and to prepare and litigate pretrial motions, if necessary. The Court finds that all of this could not take place before the July 5 trial date or in less than two and one-half months. Thus, without a continuance, counsel would not have the reasonable time necessary to prepare for trial despite their use of due diligence. See 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the motions to continue [**Docs. 24 & 29**] the trial and other deadlines are **GRANTED**. The trial of this matter is reset to **September 13, 2016**. The Court also finds, and the parties agreed, that all the time between the filing of Defendant Baker's motion on June 9, 2016, and the new trial date of September 13, 2016, is fully excludable time under the Speedy Trial Act for the reasons set forth herein. See 18 U.S.C. § 3161(h)(1)(D) & -(7)(A)-(B). With regard to additional scheduling, the Court set a new motion deadline of **July 29, 2016**. Responses to motions are due on or before **August 12, 2016**. The new deadline for concluding plea negotiations and providing reciprocal discovery is also **August 12, 2016**. The Court instructs the parties that all motions *in limine* must be filed no later than **August 29, 2016**.

Special requests for jury instructions shall be submitted to the District Court no later than **September 2, 2016**, and shall be supported by citations to authority pursuant to Local Rule 7.4.

Accordingly, it is **ORDERED**:

(1) Defendant Baker's Motion to Continue the Trial and to Extend Motion Deadline and Plea Bargain Deadline [**Doc. 24**] and Defendant Scott's Motion for Enlargement of Time in which to File Motions and to Continue the Trial Date [**Doc. 29**] are **GRANTED**;

(2) The trial of this matter is reset to commence on **September 13, 2016**, **at 9:00 a.m.**, before the Honorable Thomas A. Varlan, Chief United States District Judge;

(3) All time between the filing of Defendant Baker's motion on **June 9, 2016**, and the new trial date of **September 13, 2016**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) The deadline for filing pretrial motions is extended to **July 29, 2016**. Responses to motions are due on or before **August 12, 2016**;

(5) The deadline for concluding plea negotiations and providing reciprocal discovery is also **August 12, 2016**;

(6) Motions *in limine* must be filed no later than **August 29, 2016**; and

(7) Special requests for jury instructions with appropriate citations shall be submitted to the District Court by **September 2, 2016**.

**IT IS SO ORDERED.**

        ENTER:

          s/ C. Clifford Shirley, Jr.
        United States Magistrate Judge